## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JEFFREY J. GRIMES,**

      **Plaintiff,**

      **v.**                      **CASE NO.  23-3194-JWL**

**(FNU) HUDSON, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff is incarcerated at USP-Leavenworth in Leavenworth, Kansas ("USPL").  The Court granted Plaintiff leave to proceed in forma pauperis.  This matter is before the Court for screening of Plaintiff's Complaint (Doc. 3).  Plaintiff has also filed a Motion for Emergency Hearing (Doc. 6).

**1.  Nature of the Matter before the Court**

Plaintiff claims "medical misconduct" based on his medical care at USPL. (Doc. 3, at 2.) Plaintiff alleges that he suffers from a badly torn medial cruciate ligament in his right knee, a history of colon cancer, a hernia, and COPD.  (Doc. 1, at 1.)  When he arrived at USPL on June 7, 2023, he had a medical restriction for a wheelchair due to his difficulty walking.  *Id.*  Prior to his arrival at USPL, he apparently had been recommended for surgery on his knee.  (Doc. 1, at 1; Doc. 3 at 2.)  Plaintiff claims that he saw a physical therapist (FNU Winter) on July 7, 2023, who said he was leaving Plaintiff in a wheelchair and recommending his transfer to a medical facility.  *Id.*; Doc. 3, at 3.  Dr. Jason Clark then removed the wheelchair and ordered that Plaintiff use a walker. *Id.* at 2.  Plaintiff states that he has to hop on one leg while using the walker and frequently falls. *Id.*; Doc. 3, at 2,3.  He asserts that he was not able to get to the chow hall, the shower, the yard, or

the law library for six weeks.  *Id*.; Doc. 3, at 2.  He claims that since August 29, 2023, he again has not had access to food, shower, yard, or law library.  (Doc. 3, at 2.)  Plaintiff further alleges that the hopping has caused the hernia on his navel to get larger and more painful.  (Doc. 1, at 2.) Plaintiff fears the hopping will cause the hernia to explode and kill him.  (Doc. 3, at 2.)

Plaintiff brings a claim for cruel and unusual punishment due to medical mistreatment.  He names Warden Hudson and assistant wardens as defendants.  *Id*. at 7-8.  Plaintiff seeks transfer to a medical facility.  *Id*. at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief" requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment.  "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component.  *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted).  In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury."  *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted).  A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

Plaintiff must also satisfy the subjective prong.  "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."  *Id*. (quoting *Sealock*, 218 F.3d at 1209).  In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).  "A plaintiff 'need not show that a prison official acted or failed to act believing that harm actually would befall an inmate,' but rather that the official 'merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences

of risk that he strongly suspected to exist.'"  *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) (quoting *Farmer*, 511 U.S. at 842, 843 n.8).

A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.  *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm.  *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993).  In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay.  *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted).   "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'"  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

The Tenth Circuit recently clarified that "it is possible to have some medical care and still state a claim under the gatekeeper theory."  *Lucas*, 58 F.4th at 1139.  "The inquiry under a gatekeeper theory is not whether the prison official provided *some* care but rather whether they fulfilled their sole obligation to refer or otherwise afford access to medical personnel capable of evaluating a patient's treatment needs when such an obligation arises."  *Id.* (citations omitted).  Under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability."  *Id.*  "Instead, a court may

need to determine whether there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id.* (citations omitted).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of USPL. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of USPL to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

## IV.  Motion for Emergency Hearing

Also before the Court is a Motion for Emergency Hearing (Doc. 6) filed by Plaintiff on September 20, 2023. Plaintiff states that he has not been able to get to meals again for the last two weeks and has no commissary items to eat in his locker. He further states that he has not had a shower since July 7, 2023, and has no access to the law library.

These allegations are concerning, and they are the same allegations Plaintiff makes in his Complaint. Because the Court is ordering USPL officials to investigate Plaintiff's claims, his motion for an emergency hearing is denied at this time. However, if Plaintiff continues to be unable to obtain food or a shower, he may file a motion for injunctive relief.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)    USPL officials shall submit the *Martinez* Report by **October 23, 2023.** Upon the filing of that Report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate order for service on the defendants.

(2)    Officials responsible for the operation of USPL are directed to undertake a review of the subject matter of the Complaint:

a.    To ascertain the facts and circumstances;

6

b.      To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  If the USPL officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s).  The USPL officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4)     Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(5)     Authorization is granted to the officials of USPL to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)     No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency Hearing (Doc. 6) is **denied** at this time.

Copies of this order shall be transmitted to Plaintiff, to the USPL Warden, and to the United States Attorney for the District of Kansas.

**IT IS SO ORDERED**.

**Dated September 21, 2023, in Kansas City, Kansas.**


**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**