IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY J. GRIMES,**

    **Plaintiff,**

    v.                                  CASE NO. 23-3194-JWL

**(FNU) HUDSON, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action. He is incarcerated at USP-Leavenworth in Leavenworth, Kansas ("USPL"). He was granted leave to proceed in forma pauperis.

This matter is before the Court on Plaintiff's Motion to Amend Complaint and Appoint Counsel (Doc. 9). Plaintiff states that he seeks to amend the complaint to add allegations and a claim for punitive damages. He also requests that an attorney be appointed to represent him.

Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days after serving the pleading. Fed. R. Civ. P. 15(a)(1)(A). However, to do so, Plaintiff must file a complete amended complaint on the court-approved forms. An amended complaint is not simply an addendum to the original complaint and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

To the extent Plaintiff seeks to amend his complaint by motion rather than by filing a complete amended complaint, the motion is denied.

1

In his request for counsel, Plaintiff argues that he needs a lawyer because he does not have the proper education to represent himself and because he is confined in the Special Housing Unit so he is unable to gather witness statements and other documents.  He states that he requested his medical records in June but has not received them.

The Court has considered Plaintiff's motion.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.  The Court notes the *Martinez* Report that USPL officials have been ordered to prepare should contain Plaintiff's medical records.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend Complaint (Doc. 9) is **denied** to the extent Plaintiff seeks to amend his complaint by motion rather than by filing a complete amended complaint on court-approved forms.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (also Doc. 9) is **denied**.

The clerk is directed to send forms for a *Bivens* action under 28 U.S.C. § 1331 to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 4th day of October, 2023, at Kansas City, Kansas.


<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**