IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY J. GRIMES,

    Plaintiff,

    v.                                               CASE NO. 23-3194-JWL

(FNU) HUDSON, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner at USP-Leavenworth in Leavenworth, Kansas, filed this pro se civil rights case. On November 13, 2023, the Court entered a Memorandum & Order (Doc. 16) dismissing this matter for failure to state a claim. On December 22, 2023, Plaintiff filed a Motion to Notify and to have an Emergency Hearing (Doc. 18). Plaintiff states that he did not receive mail the Court sent to him on October 27, 2023. In addition, he requests an emergency hearing and transfer to a medical facility.

Reviewing the docket for this matter, the Court entered an order on October 24, 2023, granting the defendant's motion to file certain exhibits under seal. *See* Doc. 14. It was not an order that would have had any effect on the outcome of this case. Moreover, Plaintiff requested transfer to a medical facility in his Amended Complaint, which the Court found failed to state a claim. Nothing in Plaintiff's motion warrants reconsideration of this Court's November 13, 2023 Order of Dismissal.

Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

> neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted). Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b).

Plaintiff's motion is denied, and this case remains closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Notify and to have an Emergency Hearing (Doc. 18) is **denied.**

**IT IS FURTHER ORDERED** that this case remains closed.

**IT IS SO ORDERED**.

**Dated January 9, 2024, in Kansas City, Kansas.**

>  **S/  John W. Lungstrum**
>  **JOHN W. LUNGSTRUM**
>  **UNITED STATES DISTRICT JUDGE**